JUDGE MARRERO

Joel A. Blanchet
KIRKLAND & ELLIS LLP
601 Lexington
New York, NY 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
joel.blanchet@kirkland.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL; CERTAIN
UNDERWRITERS AT LLOYD'S; ARCH
INSURANCE COMPANY (EUROPE) LTD.,

                Plaintiffs,

    - against -

UAL CORPORATION,

                Defendant.

---

Case No.:

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331 and 1441 *et seq.*, Defendant UAL Corporation ("UAL"), by its undersigned counsel and with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including but not limited to, defenses related to service of process, jurisdiction, venue, and justicability, files this Notice of Removal of this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York and respectfully states as follows:

1.      On January 21, 2010, Plaintiffs filed a Summons and Complaint styled *Air Line Pilots Association, International; Certain Underwriters at Lloyd's; Arch Insurance Company (Europe) Ltd. v. UAL Corporation*, in the Supreme Court of the State of New York, New York County. A copy of the Summons and Complaint is attached as Exhibit A.

2.      Plaintiffs effected service on UAL pursuant to New York Business Corporation Law § 306 on January 25, 2010, by serving the Summons and Complaint upon a registered agent of UAL.

3.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441 in that this matter arises under the laws of the United States—specifically, the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA")—and in that the resolution of Plaintiffs' complaint involves a substantial federal question.

4.     More specifically, Plaintiff Air Line Pilots Association, International ("ALPA") is a labor union that represents the pilots employed by United Air Lines, Inc. ("United"), a wholly-owned subsidiary of UAL Corporation. In this lawsuit, ALPA and its reinsurers allege that UAL and United violated an agreement among ALPA, United and UAL known as Letter of Agreement 05-02 ("Letter 05-02") by refusing to indemnify ALPA for the settlement of a lawsuit against ALPA, which ALPA contends was required by Letter 05-02. Letter 05-02 is an amendment to the collective bargaining agreement between United, UAL and ALPA and was negotiated pursuant to the RLA. Indeed, the very first sentence of the "Letter of Agreement" upon which Plaintiffs base this case establishes that Letter 05-02 was "made and entered into in accordance with the Railway Labor Act." *See* Compl., Ex. 1. at 1.

5.     Plaintiffs' Complaint is removable because it alleges on its face the breach of an RLA agreement between a carrier and a union. An agreement negotiated pursuant to the RLA "is a federal contract and is therefore governed and enforceable by federal law." *Int'l Ass'n of Machinists v. Central Airlines, Inc.*, 372 U.S. 682, 691-92 (1963) (the "validity, interpretation, and enforceability [of RLA agreements] cannot be left to the laws of the many States"); *see also Order of Ry. Conductors v. Southern Ry.*, 339 U.S. 255, 256-57 (1950) (state courts have no jurisdiction to interpret or apply RLA agreements). Claims for breach of RLA-governed agreements arise under federal law rather than state law and are therefore removable. *See, e.g., Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264 (6th Cir. 2007) (federal question jurisdiction supported removal because claims required interpretation of CBA); *Hughes v. United Air Lines, Inc.*, — F. Supp. 2d —, 2009 WL 4908966 (N.D. Ill. Dec. 21, 2009) (removal of case claiming

breach of a RLA collective bargaining agreement was proper under federal question jurisdiction).[1]

6.      The Court also has jurisdiction over this matter because the federal courts have primary jurisdiction to interpret and enforce the dispute resolution procedures of the RLA. *Bhd. of R.R. Trainmen v. Chicago River & Ind. R.R.*, 353 U.S. 30, 34 (1957).  As a matter of substantive law under the RLA, any dispute over the interpretation or application of an RLA agreement—a so-called "minor" dispute— must be submitted to the "mandatory, exclusive, and comprehensive" jurisdiction of an adjustment board created under the statute, and a party to an RLA agreement "may not defeat this right by resorting to some other forum." *Bhd. of Locomotive Eng'rs v. Louisville & N. R.R.*, 373 U.S. 33, 38 (1963).  The federal courts have primary jurisdiction to characterize disputes under the RLA as "minor," "major," or "representational," and to enforce the RLA's dispute resolution procedures by ordering a party to submit a dispute to the appropriate board of adjustment rather than resolving the dispute through other means.  *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 305 (1989) (courts have jurisdiction to classify disputes as "major disputes," "minor disputes" or "representation disputes" under the RLA); *Bhd. of R.R. Trainmen*, 353 U.S. at 34 (federal court has jurisdiction to enjoin strike over a minor dispute because it would interfere with the jurisdiction of adjustment board).

7.      Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Southern District of New York in Manhattan is proper as this is the federal district for the district and division embracing the place where the state court suit is pending.

---

[1]    *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005) is not inconsistent with removal in this case.  In *Sullivan*, the Second Circuit held that state law defamation claims brought by some union members against others were not "completely preempted" by the RLA and thus could not be removed. The Complaint at issue here, on the other hand, expressly alleges breach of an agreement subject to the RLA, and does not allege any claims arising under state law at all.  Thus, there is no doubt that Plaintiffs' claims raise a substantial federal question and neither application of the "complete preemption" doctrine nor the "artful pleading" doctrine is necessary to conclude that the Complaint arises under federal law.

8.    This Notice of Removal is being filed within thirty (30) days of service of the initial pleading setting forth the claim for relief, as required by 28 U.S.C. § 1446(b).

9.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be provided to Plaintiffs and copy of this Notice will be filed with the appropriate state court.

WHEREFORE, notice is given that this action is removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, Manhattan Courthouse.

Dated: February 23, 2010

Joel A. Blanchet
KIRKLAND & ELLIS LLP
601 Lexington
New York, NY 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
joel.blanchet@kirkland.com

Michael B. Slade (*pro hac vice* motion to be filed)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for Defendant*
*UAL Corporation*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AIR LINE PILOTS ASSOCIATION,        :
INTERNATIONAL, CERTAIN UNDERWRITERS
AT LLOYD'S, and ARCH INSURANCE COMPANY :
(EUROPE) LTD.,
                                    :
                        Plaintiffs,
    -against-                       :

UAL CORPORATION,                    :

                        Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.:

Date Filed:
January 21, 2010

Plaintiffs designate New York
County as the place of trial.

**SUMMONS**

The basis of the venue is CPLR 503
and 509.

     ***You are hereby summoned*** to answer the complaint in this action and to serve a copy of
your answer, or if the complaint is not served with the summons, to serve a notice of appearance,
on the Plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day
of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

| | |
|---|---|
| Dated: New York, New York<br>January 21, 2010<br><br>OF COUNSEL:<br><br>Jonathan A. Cohen (*pro hac vice* to be filed)<br>Granville C. Warner (*pro hac vice* to be filed)<br>AIR LINE PILOTS ASSOCIATION,<br>  INTERNATIONAL<br>LEGAL DEPARTMENT<br>1625 Massachusetts Ave, N.W.<br>Washington, DC 20036<br>(202) 797-4080 | TROUTMAN SANDERS LLP<br><br>By:<br>    Matthew J. Aaronson<br>    Adam S. Libove<br>    The Chrysler Building<br>    405 Lexington Avenue<br>    New York, NY 10174<br>    (212) 704-6000<br><br>    Merril Hirsh (*pro hac vice* to be filed)<br>    Jesse K. Martin (*pro hac vice* to be filed)<br>    TROUTMAN SANDERS LLP<br>    401 – 9th St., N.W., Suite 1000<br>    Washington, D.C. 20004<br>    (202) 274-2950 |
| | Michael E. Abram<br>Peter Herman<br>COHEN, WEISS and SIMON LLP<br>330 West 42nd Street, 25th Floor |

|  | New York, NY 10036<br>(212) 563-4100 |
|--|--|

*Attorneys for Plaintiff Air Line Pilots Association, International*

|  | ROPES & GRAY LLP<br><br>By: _____<br>Adam I. Stein<br>1211 Avenue of the Americas<br>New York, NY 10036<br>(212) 596-9000<br><br>Kenneth W. Erickson (*pro hac vice* to be filed)<br>Daniel J. Bachner (*pro hac vice* to be filed)<br>ROPES & GRAY LLP<br>One International Place<br>Boston, Mass. 02110<br>(617) 951-7000 |
|--|--|

*Attorneys for Plaintiffs Certain Underwriters at Lloyd's and Arch*

Defendant's Address:
UAL Corporation
c/o The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

- 2 -

# FILED UNDER SEAL

# PURSUANT TO 2/23/2010 ORDER